IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MITCHELL G. ZIMMERMAN,

                                     OPINION AND ORDER

           Plaintiff,

                                     19-cv-361-bbc

     v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
TONY EVERS, KEVIN A. CARR, ERIC MUELLENBACH
AND DIRECTOR OF SEX OFFENDER PROGRAMS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Mitchell G. Zimmerman has filed a civil action under 42 U.S.C. § 1983, contending that the Wisconsin Department of Corrections is violating his constitutional rights by requiring him to pay the annual $100 registration fee for convicted sex offenders set forth in Wis. Stat. § 301.45(10). That statute states that the "department may require a person who must register as a sex offender to pay an annual fee to partially offset its costs in monitoring persons who must register as sex offenders."

Plaintiff has filed a second amended complaint that I will treat as the operative pleading in this case. The second amended complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff's allegations do not state a claim upon which relief may be granted.

Plaintiff alleges that he has been convicted of a sex offense that requires lifetime sex

1

offender registration under § 301.45. However, he argues that he should not have to pay the $100 annual registration fee because he is confined in prison and not currently being "monitored" by the Division of Community Corrections, which manages the sex offender registry. Instead, he is being housed and monitored by the Division of Adult Institutions. Plaintiff argues that other inmates who are not sex offenders do not have to pay the for their "supervision, monitoring or housing," so he should not have to either. He argues that forcing him to pay the fee violates his rights to due process and equal protection and is an unconstitutional taking of his property.

Plaintiff's arguments are without merit. His allegations reflect a misunderstanding of the $100 annual registration fee imposed by Wis. Stat. § 301.45(10). The fee is not used to pay for the cost of supervising or housing sex offenders, or in "monitoring" sex offenders in the manner plaintiff suggests. As the Court of Appeals for the Seventh Circuit has explained, the $100 annual registration fee in § 301.45(10) is "intended to compensate the state for the expense of maintaining the sex offender registry." Mueller v. Raemisch, 740 F.3d 1128, 1135 (7th Cir. 2014). "By virtue of their sex offenses [those subject to the registration requirement] have imposed on the State of Wisconsin the cost of obtaining and recording information about their whereabouts and other circumstances. The $100 annual fee is imposed in virtue of that cost. . . ." Id. at 1133.

The registration provisions in the sex offender registry statute require the Department of Corrections to undertake several tasks that impose costs. For example, the law requires gathering information, maintaining that information, notifying registrants of required

2

updates and verifications, processing the responses to updates and verifications, updating data in the system or verifying that there is no change and then organizing that information so that it is useful. Wis. Stat. §§ 301.45 & 301.46. The registration scheme provides for various degrees of access for law enforcement, other organizations with special interests in sex offenders, victims and the public. Id. § 301.46. As to the subset of information available to the public, that information is maintained online, and that online source must be updated with information about where the registrant resides and whether the registrant is compliant. Id. § 301.46(5n). See also Mueller, 740 F.3d at 1134 (describing the "formidable" number of "tasks involved in maintaining the sex offender registry," and concluding that the $100 registration fee is not punitive).

In sum, although plaintiff is incarcerated, the Department of Corrections must still maintain his information on the sex offender registry, including updated information about his convictions, current address and compliance with the registration requirements. The $100 registration fee is intended to offset the costs to the department for maintaining the sex offender registry, not to pay for housing, supervision or direct monitoring of sex offenders. Accordingly, plaintiff's arguments that the fee violates his constitutional rights are without merit.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Mitchell G. Zimmerman's failure to state a federal claim upon which relief may be granted. A strike shall be recorded

in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 12th day of July, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge